UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEMETRUS TREMAINE HORTON, §
(TDCJ # 01970481), §
　§
　Plaintiff, §
　§
vs. § CIVIL ACTION NO. H-25-5256
　§
NIKITA HARMON, *et al.*, §
　§
　Defendants. §
　§

**MEMORANDUM OPINION AND ORDER**

Demetrus Tremaine Horton, (TDCJ # 1970481), is confined in the Texas Department of Criminal Justice–Correctional Institutions Division. Representing himself and proceeding without prepaying the filing fee, Horton sued the Honorable Nikita Harmon; Casey Smith, Esq.; and William R. Gifford, Esq.; under 42 U.S.C. § 1983, alleging that they violated his constitutional rights during his state-court criminal proceedings. (Docket Entry No. 1). Horton's complaint is governed by the Prison Litigation Reform Act (PLRA), which requires the court to screen complaints filed by prisoners seeking relief from the government as soon as feasible and dismiss those claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are immune. 28 U.S.C. § 1915A(a), (b). Based on that review, the court dismisses this action, for the reasons explained below.

**I.    Background**

Horton is currently serving a five-year prison sentence on a 2023 conviction for DWI, third offense, in Harris County Cause Number 1719826. (Docket Entry No. 1, p. 6). In his § 1983 complaint, Horton alleges that Judge Harmon, who presided over his state-court criminal

proceedings, violated his rights by admitting false evidence and deeming it credible. (*Id.* at 3-4). He also alleges that Smith and Gifford, who were his appointed counsel in the state-court proceedings, permitted the introduction of false evidence at his trial. (*Id.*).

Horton's complaint does not specifically explain the basis for his claim, but he has attached to his complaint a March 2025 letter he received from Harris County District Attorney Sean Teare. (*Id.* at 7). This letter states that Cassandra Cavazos-Johnson, who was the toxicologist who provided evidence against Horton, had been fired for "sustained allegations of untruthfulness, lack of candor, and/or dishonesty." (*Id.*). The letter states that Cavazos-Johnson was "associated with" Horton's case and that he should contact his attorney concerning any options he might have relating to his conviction. (*Id.*).

Construed liberally, Horton's complaint appears to allege that this letter proves that he is innocent of the charge for which he is currently incarcerated. As relief, he seeks money damages of $1 million, but no less than $250,000.[1] (*Id.* at 4).

## II. The Legal Standards

### A. Actions Under 42 U.S.C. § 1983

Horton's complaint seeks relief under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim

---

[1]Horton's complaint denies that he has filed any other state or federal proceeding as a result of receiving this letter, (Docket Entry No. 1, p. 2), but the court's records show that he filed a separate § 1983 action against Cavazos-Johnson. *See Horton v. Cavazos-Johnson*, No. 25-cv-5255 (S.D. Tex). He seeks money damages against Cavazos-Johnson in that action based on her allegedly false allegations, untruthfulness, and insufficient evidence. *Id.* at Dkt. 1.

under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which requires action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right by a state actor, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

B.     The Prison Litigation Reform Act

Because Horton is a prisoner, his action is subject to the provisions of the PLRA, which was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (quoting *Jones v. Bock*, 549 U.S. 199, 202–03 (2007)) (cleaned up). To accomplish this, the PLRA requires federal district courts to screen prisoner complaints and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See Crawford-El v. Britton*, 523 U.S. 574, 596–97 (1998); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32

(1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing the complaint, the court must construe all allegations "liberally in favor of the plaintiff" and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C. Pleadings from Self-Represented Litigants

Horton is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd*.,

767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

III. Discussion

    A.    **The Claims Against Judge Harmon.**

Horton seems to allege that Judge Harmon violated Horton's constitutional rights by admitting and relying upon false evidence, and he seeks an award of money damages to compensate for the alleged injury. These claims are barred because Judge Harmon is immune from such relief.

While § 1983 provides a remedy for constitutional violations committed by state officials, state-court judges are immune from damages claims arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). A plaintiff may overcome judicial immunity only when either (1) the claims are based on actions that are not judicial in nature, or (2) the claims are based on actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Horton does not satisfy either of the means necessary to overcome immunity. First, Horton cannot show that Judge Harmon was acting in the absence of all jurisdiction because, as the district judge for the 176th District Court, Judge Harmon has jurisdiction over the cases pending in that court. *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other

5

court, tribunal, or administrative body."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) (en banc) ("A Texas district court . . . is a court of general jurisdiction" and "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere.").

Second, Horton does not allege facts showing that Judge Harmon's actions were not judicial in nature. In determining whether a judge's actions were "judicial in nature," the court considers "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.*

Horton seems to allege that Judge Harmon violated his rights when making decisions about admitting evidence and when considering the truthfulness of that evidence. But decisions about the admission of evidence and the weight to be given evidence in a bench trial are normal judicial functions. *See, e.g., Mays,* 97 F.3d at 110 ("[J]udges enjoy absolute immunity for judicial acts performed in judicial proceedings."); *Laird v. Spencer*, 611 F. Supp. 3d 250, 261–62 (M.D. La. 2020) ("Any rulings during the course of the hearing of a matter are judicial functions, rendering the judicial actor absolutely immune from liability."). Orders concerning the admission of evidence are normally entered either in the courtroom or the judge's chambers, and Horton appears to allege that Judge Harmon's actions took place during his bench trial. Horton's claims arise directly out of his then-pending state-court criminal case, and the challenged actions arise from a bench trial before Judge Harmon in her official capacity. These facts demonstrate that the

challenged actions were judicial actions for which Judge Harmon is protected by judicial immunity.

Based on the facts alleged in Horton's complaint, Judge Harmon is protected from Horton's damages claims by judicial immunity. His claims against Judge Harmon are dismissed with prejudice under 28 U.S.C. § 1915A(b)(2).

### B. The Claims Against Appointed Counsel.

Horton alleges that Casey Smith and William R. Gifford are attorneys who were appointed to represent him in the state criminal proceedings. He seems to allege that they violated his rights by permitting the admission of allegedly false or fraudulent evidence at the bench trial.

As explained above, only persons acting under color of state law may be liable for damages under § 1983.[2] Neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant, because they are acting on behalf of the defendant rather than acting on behalf of the State. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324–25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Pub. Def.'s Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

---

[2]Limited exceptions exist if the plaintiff can show that the private actor was implementing an official government policy or if the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Horton's complaint does not allege facts showing that either of these exceptions apply to his case.

As appointed defense counsel for Horton in the criminal proceedings against him, neither Smith nor Gifford acted "under color of state law." Horton's claims against Smith and Gifford are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted.

**IV.  Conclusion**

Based on the above, the court orders as follows:

1. Horton's claims against the Honorable Nikita Harmon, (Docket Entry No. 1), are dismissed with prejudice under 28 U.S.C. § 1915A(b)(2) as seeking monetary relief from a defendant who is immune from such relief.
2. Horton's claims against appointed counsel Casey Smith and William R. Gifford, (Docket Entry No. 1), are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted.
3. Any pending motions are denied as moot.
4. Final judgment will be separately entered.
5. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on December 23, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge